## STATE v. CLEVELAND.

The office of an assignment of error is to point out some specific error, and the complaining party must lay his finger upon the precise error complained of.

An assignment of error was as follows: "The court erred in admitting testimony, excluding testimony, striking out and in refusing to strike out testimony, all as shown by the assignments of error herein, numbered from 1 to 39, inclusive. * * * The following charge, * * * in view of the evidence of the case, was manifest error: [Followed by part of the charge.]" No exceptions to rulings complained of were alleged, nor were the pages of the abstract nor of the bill of exceptions given where the rulings and exceptions could be found. **Held,** that the assignment of error was too vague and indefinite to be considered.

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Lyman County. Hon. FRANK B. SMITH, Judge.

William M. Cleveland was convicted of grand larceny, and appeals. Affirmed.

*J. G. Bartine*, for appellant. *S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst. Atty. Gen.,* and *J. F. Carpenter, State's Attorney,* for the State.

SMITH, J. William M. Cleveland was convicted of the crime of grand larceny, and brings his case to this court by appeal for review upon a bill of exceptions. The assignment of errors is as follows: "The court erred in admitting testimony, excluding testimony, striking out and in refusing to strike out testimony, all as shown by the assignments of error herein numbered from 1 to 39, inclusive. As contended in the fortieth and forty-first assignments of error, we now claim that the following charge of the court to the jury, in view of the evidence in the case was manifest error. The court instructed as follows: [That part of the charge of the court which follows is then set out in the language used by the court, and will be referred to later herein.]" This assignment of error purports to set forth 39 specific rulings of the trial court upon questions of evidence arising upon the trial, but does not allege any exceptions to any such rulings. The rulings which appellant asks this court to review are nowhere pointed out, except as above stated. Not even the page of the abstract or the page of the bill of exceptions upon which such rulings and exceptions may be found is given in the so-called assignments of errors In the case of State v. Chapman, 1 S. D. 414, 47 N. W. 411, 10 L. R. A. 432, the assignment of error then before the court was in these words: "In rejecting and admitting evidence on said trial, as more particularly appears by a bill of exceptions." In that case the errors complained of were pointed out as being found in a "bill of exceptions." In the case now before this court not even the bill of exceptions is referred to in the assignments. But this court has examined the bill, and finds that it contains nothing purporting to be assignments of error. The bill of exceptions merely discloses rulings and exceptions, numbered from 1 to 39, as they appear consecutively in the bill. This court, in State v. Chapman, supra, refused to consider such an assignment of errors. We think the ruling in that case was right, and shall adhere to it in this case.

The excerpt from the charge of the trial court to the jury, above referred to, is set out in the assignments of error designated as the "fortieth and forty-first assignments of error," and is in the following language: "By the law of this state, all persons con-

cerned in the commission of a crime, whether they directly commit the acts constituting the crime alone or in company with others, or aid or abet in its commission, are guilty as principals; that is, there is no distinction between the person who actually commits the crime and the acts constituting the crime, and those who aid and abet in its commission. They are all principals and all guilty alike. By aiding and abetting, we mean one who assists, or advises, or encourages, or participates in the commission of the crime, knowing or believing that a crime is being committed. I might say in this case, we are only trying the defendant in this action. We are not trying the witness Elmer Ward, or any other person, and it does not matter how many other persons may be guilty of this offense, or may have participated in its commission. The question will be whether this defendant has been guilty of it, or guilty of participating in it; that is, aided or abetted in its commission. I say, we are not trying Elmer Ward, and his connection and his relation with the offense, if any, should not be considered by you, except so far as you find it may have influenced his testimony and affected its weight and credibility with this jury." The statement of the error complained of in connection with the foregoing charge of the court is that it, "in view of the evidence in the case, was manifest error." The "view of the evidence" which counsel had in mind in making this statement is not made apparent by any form of assignment or statement. Wherein is error manifest? Unless the language here used by the trial court would necessarily be an incorrect statement of the law in any criminal case that might be on trial before that court, an error in giving such charge to the jury would not be "manifest." That this instruction is a correct statement of the law in any criminal case in which the question of responsibility for crime may have arisen cannot be doubted. This assignment is entirely too vague and indefinite to be considered. The proper mode of presenting assignments of error in criminal cases has long been settled and clearly pointed out by this court. In State v. Chapman, above referred to, the court says: "The office of an assignment of error is to point out some specific error in law, and the party making it should lay his finger

upon the precise request refused, or the error complained of; not only that the court may, upon the error being pointed out, correct it, but also that the appellate court may not be left to spell out and dig up errors which, oftentimes, after discovery, are more apparent than real, and may have arisen from a mere inadvertence or a misapprehension upon the trial. For the reason above stated, we shall not consider this assignment of error. This seems a very opportune time when the above rule in relation to assignments of error may be promulgated, because, by the refusal to consider this assignments, the rights of the defendant have not in the least been impaired; but in the future it will be adhered to by this court in the consideration of cases brought to it for review, let the consequence to parties litigant be what it may."

We take occasion at this time to reiterate the language of this decision for the benefit of parties litigant who may desire to have errors occurring at the trial reviewed by this court. This court must not be called upon, or expected, to wade through the evidence contained in a bill of exceptions to ascertain for itself whether, perchance, the instructions given by the trial court may not be inappropriate when applied to the particular facts of the case. Such would be the necessary task in this case, and the court must decline to undertake it.

None of the assignments point out reversible error on the part of the trial court, and its judgment is therefore affirmed.